Curia, per
Evans, J.
In this casé it was submitted to the jury to decide, 1st, whether the injury complained of arose from the unskilfulness or negligence of Bound, who had usurped the place of the driver; and, 2d, whether the *498 hiring was by the joint contract of all the defendants. In the event that both of these questions were decided by the jury in the affirmative, they were directed to find for the plaintiffs against all the defendants. In the charge to the jury, it was assumed to be the law, that in a case of joint hiring, all were liable, although the injury arose from the act of one, and the others were entirely passive. The correctness of this charge is made one of the grounds of appeal, and I shall now proceed to inquire whether it be correct or not. In the consideration of the case, I shall assume that it is established by the verdict, that all the defendants hired the carriage and driver, and that they were not mere passengers in a public conveyance, or passengers in a carriage hired by Bound. The contract alleged in the declaration is, that the carriage was hired by all, and it was a part of the contract that the negro was to drive it. The object of sending a driver was, that he should drive, and of course it was implied that he should be allowed to drive without any interference from any of the party contracting. I have always supposed that it was incident to every joint contract, that all were bound to its performance. Each and every one of the contractors stipulates that the contract shall be performed by all. If it were a part of the contract made by all, that the carriage should be driven by the driver alone, then to permit a stranger to drive it, or to undertake to drive it themselves, would be a violation of the contract, and for any damage arising out of a breach of a joint contract, all aré liable. It does not seem to be doubted, that if the defendants had hired the carriage and horses only, they would be liable; but it was argued that, as they hired a driver along with them, who was the agent of the owner, that circumstance makes a difference. So far as third persons are concerned, this may be true. It has the sanction of Judge Story, in his treatise on Bailments, page 267, where it is said, “if a person hires a coach and horses for a journey, and the horses are driven by the servant of the stable keeper, he, (it seems,) and not the hirer, is responsible for any injury done by the negligence of the servant in the course of the journey; for the servant, under such circumstances, is properly to be deemed *499 in the employment of the stable keeper, and not of the hirer and “ for the like reason, if a person hires a carriage and horses, and the owner sends a postillion or coachman with them, to drive them, the hirer is discharged from all attention to the carriage and horses, and he remains liable only to take ordinary care of the glasses and inside of the carriage.” And such seems to be the principle of the case of Davey vs. Chamberlain and another, 4 Esp. 229, in which it is said, “ifa person driving his own carriage, took in another person as a passenger, such person could not be subjected to an action in case of any misconduct in the driving of the proprietor, as he had no care or concern with the carriage.” But in that very case it was held that where both had hired a chaise, and an injury was done to a stranger, by the negligent driving of one, both wrere liable, although the other defendant was entirely passive, and free from any blame. And if, on account of the joint hiring, all were liable to a stranger for the misconduct of one, much more should they all be liable in this case, where the injury has resulted from a violation of the contract of all. The principles quoted from Story, and the case in Espinasse, point to a very important distinction between the liability of a mere passenger and the liability of a joint hirer. If two persons get into an omnibus, to be carried from one part of the city to another, or a stage coach, or a hack, they are mere passengers. There is no bailment or hiring of the carriage to them, and of course there is no joint hiring or joint liability. But if two persons, by joint contract, hire a coach, horses and driver, to go to Columbia, they have, no right to go elsewhere, or to use them otherwise than according to the contract; and if they use them to go to another place, or if they violate the contract and set a stranger on the box, or one of them undertakes to drive it himself, and the carriage is broken, or the horses or driver (if a slave) be injured, it would be no answer to an action against all, to say the injury has resulted from the act of one of the joint contractors. The contract in this case was clearly that the driver was to drive the coach. The contract has been clearly violated, the plaintiffs’s property has been injured. Is he to be turned over to Bound *500 alone for redress 1 How do we know that he would have trusted Bound with his property ? Has he not a right to say, I entrusted my property to all of you, under a contract that you were to suffer my servant to drive the carriage'? This contract has been violated, and I have a right to look to all of you for redress, as my contract was made with all. If two hire a carriage without a driver, and it be broken by the negligence of one who undertakes to drive it, it is conceded both would be liable, although the other was passive and free from blame. But this joint liability arises altogether from the joint contract. I do not see any substantial ground for distinguishing such a case from the one under consideration. The joint liability in both cases arises from a breach of a joint contract, and by the default’ of one of the parties without the participation of the others. In this case it was a violation of the contract for Bound to assume the office of driver, and as the plaintiffs’s loss was the direct consequence of that act, all the parties are liable. I put my opinion entirely on the ground that the contract of joint hiring is established by the verdict of the jury, and that it follows as an incident, if a joint contract be broken, all the contractors are liable. Such a case is clearly distinguishable from the case of mere passengers to whom the carriage is not bailed, and who have entered into no contract, except that each will pay his fare. These views dispose of the five grounds of appeul. The 1 st, 2d and 3d are settled by the verdict. The 4th ground alleges for error, that the presiding Judge charged the jury that in an action on the case like the present, against several, the plaintiff might recover against one, although he failed to prove a joint contract as to the others. Such I have ak ways supposed to be the law, and Chitty advises this form of action against carriers, for the reason that if the plaintiff fail to prove a joint liability, he may still recover against one. A contrary opinion is intimated in the case of. Patton vs. Magrath, Rice, 62. This question has not been considered by the court in this case. The jury have found the contract joint, and therefore the misdirection, if it was one, was immaterial; it did not influence the verdict,, and this court will not send a casé back merely because *501 the circuit Judge mistook the law on an immaterial point. 1 Bailey, 330.
The motion is, therefore, dismissed.
O’Neall, Wardlaw, and Frost, JJ. concurred.